|  |  |
|---|---|
| UNITED STATES COURT OF APPEALS | **FILED** |
| FOR THE NINTH CIRCUIT | SEP 1 2022 |
|  | MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

| | |
|---|---|
| RUSSELL G. GREER, | No. 22-16318 |
| Plaintiff-Appellant, | D.C. No.<br>2:21-cv-01905-RFB-NJK |
| v. | District of Nevada,<br>Las Vegas |
| FREMANTLE PRODUCTIONS;<br>MARATHON PRODUCTIONS, | ORDER |
| Defendants-Appellees. | |

The Mediation Program of the Ninth Circuit Court of Appeals facilitates settlement while appeals are pending. See Fed. R. App. P. 33 and Ninth Cir. R. 33-1. As part of a pilot project, the Mediation Program is exploring settlement potential in some cases in which one party is proceeding *pro se* (representing themselves without the assistance of an attorney). This case is being included in that pilot project.

By September 15, 2022, the parties are requested to inform the Circuit Mediator in writing whether the issues on appeal or in the underlying dispute might be appropriate for settlement discussions. **The written response to this order and all future written or spoken communication with the mediator are strictly confidential mediation communications protected by Ninth Circuit Rule 33-1 and cannot be disclosed outside the mediation process.** The written response to

Mediation

this order should not be filed with the court; instead, the response should be sent directly to the Circuit Mediator by email (Steven_Saltiel@ca9.uscourts.gov) or mail (Steven J. Saltiel, Circuit Mediation Office, U.S. Court of Appeals for the Ninth Circuit, James R. Browning United States Courthouse, P.O. Box 193939, San Francisco, CA 94119-3939).

More detailed information about the Mediation Program and its procedures are included in the attachment to this order and on the Mediation Program web site (www.ca9.uscourts.gov/mediation).

**The existing briefing schedule remains in effect**.

FOR THE COURT

By: Steven J. Saltiel
Circuit Mediator

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
CIRCUIT MEDIATION OFFICE

U.S. Court of Appeals for the Ninth Circuit,
James R. Browning United States Courthouse,
P.O. Box 193939, San Francisco, CA 94119-3939

Website: www.ca9.uscourts.gov/mediation
Email: ca09_mediation@ca9.uscourts.gov
Phone: 415-355-7900

**INFORMATION ABOUT MEDIATION**

**Overview**
- Mediation is a flexible, non-binding, confidential process in which a neutral person (the mediator) facilitates settlement negotiations. The mediator works to improve communication across party lines, helps parties articulate their interests and understand those of their opponent, probes the strengths and weaknesses of each party's legal positions, identifies areas of agreement and helps generate options for a mutually agreeable resolution to the dispute.

- The first step in the Mediation process is usually a phone settlement assessment in which the mediator will explore the parties' interests in settlement and, if appropriate, work with participants to design a process to pursue resolution of the dispute.

- The conference will be conducted by one of the eight Circuit Mediators, all of whom are court employees with extensive mediation and litigation experience. The Circuit Mediators are authorized to file orders on most procedural matters, including vacating or moving the briefing schedule.

- In advance of the conference, participants should consider their goals in the litigation, its possible costs and outcomes (good and bad), the potential for further legal proceedings, and what issues beyond the litigation might be explored in mediation.

- During the conference, the participants and the Circuit Mediator will discuss the factual and legal background of the dispute, the legal issues involved in the litigation and on appeal, any related legal proceedings, and any other

considerations that may affect the parties' willingness to engage in settlement discussions. The scope of discussion is not limited to the issues on appeal: it may include related legal proceedings or any other issues between the parties.

### Confidentiality

- All participants in the assessment conference are required to abide by the court's confidentiality rules, which are set forth in Rule 33-1 and attached below. With limited exceptions, any communication made by the Circuit Mediator or any participant during the conference may not be used in any pending or future proceeding in this court or any other forum and may not be disclosed to anyone who is not a participant. Ninth Cir. R. 33-1.

- Settlement-related information disclosed to a Circuit Mediator will be kept confidential and will not be disclosed to the judges deciding the appeal or to any other person outside the Mediation Program participants. Ninth Cir. R. 33-1.

### Likely Outcomes of Assessment Conference

- At the conclusion of the assessment conference, the Circuit Mediator may confirm in an order the agreements of the participants regarding the scope, process and timing of any further settlement efforts. Typical settlement processes include in-person mediation sessions or telephone settlement dialogues facilitated by the Circuit Mediator.

- The parties may agree to defer briefing in order to focus on settlement efforts or to provide an opportunity for circumstances to develop that might make settlement more likely. In most cases, the deferral of briefing will not delay disposition of the appeal, since the date of the filing of the notice of appeal controls when an appeal is assigned to a three-judge panel for decision.

- At any point that the parties choose not to pursue settlement efforts, the Circuit Mediator will work with the parties to resolve any outstanding procedural issues and will enter orders effectuating any procedural agreements.

**More information is available on the Mediation Circuit link on the Ninth Circuit website www.ca9.uscourts.gov/mediation.**

### Ninth Circuit Mediation Confidentiality Rules

The participants in settlement discussions conducted under the auspices of the Ninth Circuit Mediation Program are bound by the confidentiality provisions of Ninth Circuit Rule 33-1 which provide that:

(1) No written or oral communication made by the mediator or any party, attorney, or other participant in the settlement discussions:

   (a) may be used for any purpose in any pending or future proceeding in this or any other court or administrative forum; and

   (b) may be disclosed to anyone who is not a participant in the settlement discussions or an authorized agent of such participant.

(2) The nondisclosure provisions of paragraph (1) do not apply if such disclosure is made in the context of any subsequent confidential mediation or settlement conference with the agreement of all participants.

(3) Evidence shall not be inadmissible or protected from disclosure solely by reason of its introduction or use in settlement discussions.

(4) The parties shall not subpoena the mediator or any documents submitted to or prepared by the mediator in connection with or during the mediation session and the mediator shall not testify on behalf of any party.

(5) Nothing in this agreement shall preclude the admissibility of a written settlement agreement reached as a result of settlement discussions conducted in whole or in part through the Circuit Mediation Program in a an action to enforce such an agreement.